IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| EDGAR UNION SR., | ) | 8:18CV256 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CORRECT CARE SOLUTIONS and LANCASTER COUNTY DEPT. CORRECTIONS, | ) | |
| Defendants. | ) | |

Plaintiff, Edgar Union, Sr., filed his Complaint (Filing No. 1) on June 8, 2018, and has since been granted leave to proceed in forma pauperis (Filing No. 8). The court now conducts an initial review of Plaintiff's Complaint and to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner at the Lancaster County Department of Corrections in Lincoln, Nebraska. The Department of Corrections and Correct Care Solutions are named as Defendants. Plaintiff claims he has not received adequate medical care to treat his diabetes and severe constipation. Plaintiff has attached several "Inmate Medical/Mental Health Request Forms," which are dated between October 24, 2017, and May 28, 2018. Not all pertain to the physical conditions that are identified by Plaintiff as not having been properly treated by Defendants. Plaintiff states he also filed a grievance, but it is not attached.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION OF CLAIMS

Plaintiff indicates he is suing Defendants under 42 U.S.C. § 1983. To state a claim under that section, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## A. Plaintiff's Claim Against Lancaster County Department of Corrections

The Department of Corrections is not a distinct legal entity subject to suit. *See Dan v. Douglas Cty. Dep't of Corr.*, No. 8:06CV714, 2009 WL 483837, at *4 (D. Neb. Feb. 25, 2009) ("the Department of Corrections and other units within the [Douglas County Correctional Center] and Douglas County lack the legal capacity to sue or be sued in their own names"); *see also Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S. D. N. Y. 1994) (jails are not entities amenable to suit). But even liberally construing Plaintiff's Complaint as a suit against Lancaster County itself, no claim is stated upon which relief may be granted under § 1983.

Local governing bodies, such as counties, are "persons" for the purpose of § 1983, but are liable only for injuries arising from an official policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). An official policy involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A v. Special School Dist.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe A*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct at the County jail, or that the County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind the alleged constitutional violation.

### B. Plaintiff's Claim Against Correct Care Solutions

Liberally construing Plaintiff's Complaint to allege that Correct Care Solutions acted under color of state law as a contract provider for medical services at the Lancaster County jail, no claim is stated upon which relief may be granted because, again, there are no allegations to show that Plaintiff was injured as the result of an official policy or custom. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Col.,* 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Because Plaintiff has not alleged that Correct Care Solutions has a "policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983," *id.*, this claim, like the claim against the County, is subject to dismissal on initial review.

### C. Leave to Amend

Out of an abundance of caution, the court on its own motion will grant Plaintiff leave to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

Plaintiff should note that the relief recoverable for any constitutional violation is limited. The Prison Litigation and Reform Act ("PLRA") prohibits a prisoner from receiving compensatory or actual damages for mental or emotional distress if the plaintiff does not allege a physical injury. *See* 42 U.S.C. § 1997e(e). If Plaintiff did

not suffer any physical injury, then he cannot recover actual or compensatory damages. *See Royal v. Kautzky*, 375 F.3d 720 (8th Cir. 2004) (finding that nominal, punitive, injunctive, and declaratory relief are still available under the Prison Litigation Reform Act to a prisoner who does not sustain a physical injury).

In addition, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

Plaintiff alleges he filed a grievance, but he has not provided any detail, except to state that the Department of Corrections "won't respond to my grievance," and that he "can't appeal since they haven't gotten back to me." If Plaintiff elects to file an Amended Complaint, he should allege when he filed the grievance, to whom it was directed, what he stated in the grievance, and what response, if any, he received. He should also attach copies of any relevant documents to the Amended Complaint. Plaintiff's current allegations are not sufficient to show that available administrative remedies have been exhausted.

Finally, Plaintiff should understand that in order "[t]o prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the [defendant] was deliberately indifferent to the inmate's serious medical needs.[1] This

---

[1] A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's due process clause. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same

requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the [defendant] knew of the need yet deliberately disregarded it." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

### III. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will allow an Amended Complaint to be filed against Lancaster County and Correct Care Solutions, as outlined above.

IT IS THEREFORE ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint that states a claim upon which relief may be granted. Failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: "September 5, 2018: check for amended complaint."

DATED this 6th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted).